NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

JUSTIN FREE JORDAN, *Appellant.*

Nos. 1 CA-CR 21-0093
1 CA-CR 21-0092
(Consolidated)
FILED 1-18-2022

---

Appeal from the Superior Court in Yavapai County
Nos.  P1300CR201901292
P1300CR201800728
The Honorable Krista M. Carman, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Kenneth S. Countryman PC, Tempe
By Kenneth S. Countryman
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge Randall M. Howe delivered the decision of the court, in which Judge Brian Y. Furuya and Judge Michael J. Brown joined.

---

**H O W E**, Judge:

¶1        This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Justin Free Jordan has advised this court that counsel found no arguable questions of law and asks us to search the record for fundamental error. Jordan was convicted of four counts of aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs ("aggravated DUI"), class 4 felonies. He was given an opportunity to file a supplemental brief in propria persona; he has not done so. After reviewing the record, we affirm Jordan's convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

¶2        We view the facts in the light most favorable to sustaining the judgment and resolve all reasonable inferences against Jordan. *See State v. Fontes*, 195 Ariz. 229, 230 ¶ 2 (App. 1998). A Prescott police officer pulled over Jordan's vehicle because a rear-mounted camera obstructed one-quarter of the license plate that should display the state of registration. Because the officer was still able to see the characters on the plate, he checked the license plate and found that it was invalid. Jordan was the car's only occupant.

¶3        During their interaction, the officer observed that Jordan's eyes were bloodshot and watery, he was grinding his teeth, and he was fidgeting. The officer asked Jordan the status of his license plate and Jordan said that he believed it was revoked. The officer then asked Jordan whether he had any weapons, and Jordan responded that he did not. The officer conducted a pat down and then asked Jordan to sit on the patrol car's bumper. During the course of the interaction, two other officers stopped by. The officer conducted field sobriety tests on Jordan, which included having him walk in a straight line, placing one foot directly in front of the other, and balancing on one foot. During each test, Jordan could not maintain his balance and displayed eye and body tremors. After the officer conducted

the tests, he arrested Jordan and read him his *Miranda*[1] rights. The officer, who had trained as a drug-recognition expert, then asked Jordan whether he had consumed methamphetamine; Jordan replied that it had been "forever." At the police department, he consented to a blood draw and urinary analysis. The officer again asked Jordan whether he had used methamphetamine, and Jordan said that he had a drink with the drug in it two nights before at a friend's house. He tested positive for methamphetamine.

¶4        Jordan was later charged with aggravated driving or actual physical control while under the influence while license is suspended or revoked, aggravated driving or actual physical control with a drug or its metabolite in the body while license is suspended or revoked, and two counts of aggravated driving or actual physical control while under the influence with two prior convictions of DUI within the last 84 months. The State alleged that Jordan had three historical prior felony convictions: criminal impersonation, a class 6 felony; aggravated driving while under the influence of intoxicating liquor or drugs (third offense in 84 months), a class 4 felony; and endangerment, a class 6 felony. The State also alleged that these prior convictions constituted aggravating circumstances and that Jordan committed the current offense while on probation. The court later held a settlement conference, during which Jordan rejected the State's plea offer.

¶5        At the jury trial, Jordan's arresting officer, his probation officer, and the drug toxicology analyst of his drug tests testified. The jury found Jordan guilty on all four counts of aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs. The jury also found that having committed the offense while on probation was an enhancement to his sentence. At the sentencing hearing, the court found that Jordan had prior convictions—an aggravating circumstance— and revoked his probation. The court also found as mitigating circumstances his struggle with substance abuse and attempt to improve his life. For the offenses on which he had been on probation, the court sentenced him to mitigated terms of 0.33 years' imprisonment for criminal impersonation, with 187 days' presentence incarceration credit; one year's imprisonment for aggravated driving or actual physical control while under the influence of intoxicating liquor or drugs; 0.33 years' imprisonment for endangerment; and six months in jail for criminal damage, with 298 days' presentence incarceration credit. For the current aggravated DUI offenses, the court weighed the aggravating and mitigating

---

[1]        *Miranda v. Arizona*, 384 U.S. 436 (1966).

circumstances to impose a presumptive sentence of 10 concurrent years' imprisonment for all four counts with 312 days' presentence incarceration credit. The court ordered that the sentences for the probation offenses be served concurrently with each other but consecutively to the sentences for the aggravated DUI offenses. Jordan timely appealed.

**DISCUSSION**

**¶6**         We review Jordan's convictions and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512 ¶ 12 (App. 2011). We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. Jordan was represented by counsel at all stages of the proceedings, and the sentences imposed were within the statutory guidelines. We decline to order briefing and affirm Jordan's convictions and sentences.

**¶7**         We note, however, that the sentencing minute entry lists all four counts as nonrepetitive and cites the sentencing statute for first-time, rather than repetitive, offenders. "When a discrepancy between the trial court's oral pronouncement of a sentence and the written minute entry can be clearly resolved by looking at the record, the oral pronouncement in open court controls over the minute entry." *State v. Ovante*, 231 Ariz. 180, 188 ¶ 38 (2013). At the sentencing hearing, the court found that Jordan had been convicted of prior felonies, making him a repetitive offender under A.R.S. § 13–703. The sentencing minute entry, however, marks all four counts as "nonrepetitive." Accordingly, we order that the minute entry be corrected. *See id.*

**¶8**         Upon the filing of this decision, defense counsel shall inform Jordan of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Jordan shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

## CONCLUSION

**¶9**        For the foregoing reasons, we affirm but order that the sentencing minute entry be corrected to reflect that Jordan was sentenced on all four counts as a repetitive offender under A.R.S. § 13–703.



AMY M. WOOD • Clerk of the Court
FILED:     AA